**In re Michael WALKER and Judie Walker, Debtors.**

**Michael WALKER and Judie Walker, Plaintiffs,**

v.

**FIRST FEDERAL SAVINGS AND LOAN, Defendant.**

Bankruptcy No. 80 B 6552.
Adv. Proceeding No. 80 A 2228.

United States Bankruptcy Court,
N. D. Illinois, E. D.

April 30, 1981.

Meyer Goldman, Zalutsky & Pinski, Ltd., Chicago, Ill., for plaintiffs.

No appearance for defendant.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of Debtors, MICHAEL WALKER and JUDIE WALKER, pursuant to section 506(a) of the Bankruptcy Code to determine the extent of the secured status of FIRST FEDERAL SAVINGS AND LOAN's claim against the Debtors' real estate at 1148 North Monitor Street, Chicago, Illinois, and to void, pursuant to section 506(d) of the Bankruptcy Code, FIRST FEDERAL SAVINGS AND LOAN's lien against the aforesaid realty to the extent that the lien secures a claim against the Debtors that is not a secured claim as defined by section 506(a), and

The court having examined the pleadings filed in this matter, and having received and examined the evidence adduced, and having heard the testimony of witnesses, and the court being fully advised in the premises;

The Court Finds:

1. On or about May 20, 1980, Debtors, MICHAEL WALKER and JUDIE WALKER, filed their petition in bankruptcy under chapter 13 of the Bankruptcy Code.

2. The present amount of the claim of Mortgage Associates in the nature of a first mortgage on Debtors' real estate at 1148 North Monitor Street, Chicago, Illinois, is approximately $22,700.00.

3. The present amount of the claim of Defendant, FIRST FEDERAL SAVINGS AND LOAN, in the nature of a second mortgage on Debtors' real estate at 1148 North Monitor Street, Chicago, Illinois, is approximately $12,900.00.

4. The present value of said real estate is not in excess of $23,800.00.

Section 506(a) of the Bankruptcy Code provides in pertinent part as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . ., is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . ., and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a) (1979).

Section 506(d) of the Bankruptcy Code provides in pertinent part as follows:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void,

. . . .

11 U.S.C. § 506(d) (1979).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the claim of FIRST FEDERAL SAVINGS AND LOAN be, and the same is hereby allowed as a secured claim to the extent of $1,100.00, being the value of said creditor's interest in Debtors' real estate, and be, and the same is hereby allowed as an unsecured claim to the extent of $11,800.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that FIRST FEDERAL SAVINGS AND LOAN's lien on the Debtors' real estate at 1148 North Monitor Street, Chicago, Illinois, be, and the same is hereby declared void to the extent of $11,800.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that FIRST FEDERAL SAVINGS AND LOAN's lien on Debtors' real estate at 1148 North Monitor Street, Chicago, Illinois, be, and the same is valid only to the extent of $1,100.00.