Dallas Gene BRACE and Shirley Mae Brace, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

In the Matter of Dallas Gene BRACE and Shirley Mae Brace.

Bankruptcy No. 3–82–02393.
Adv. No. 3–82–0573.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 20, 1983.

Milton L. Sprowl, Dayton, Ohio, for plaintiffs.

Mark R. Chilson, and Anthony R. Kidd, of Young & Alexander Co., L.P.A., Dayton, Ohio, for defendant.

DECISION and ORDER

ELLIS W. KERR, Bankruptcy Judge.

PROCEDURAL POSTURE

Plaintiffs, Dallas Brace and Shirley Brace, are Debtors pursuant to Chapter 7 of

the United States Bankruptcy Code and filed the instant adversary proceeding against Defendant, State Farm Mutual Automobile Insurance Company, to determine the status of Defendant's mortgage on the real property of Plaintiffs. The essential allegations of Plaintiffs' complaint are as follows:

1) Plaintiffs' residence has been appraised as having a market value of $18,500.00;

2) Winter's National Bank has a first mortgage on the Plaintiffs' residence in the amount of $20,327.00;

3) Defendant, State Farm, obtained from Plaintiff, Dallas Brace, a second mortgage on the Plaintiffs' residence in the amount of $6,500.00;

4) Defendant, State Farm, has no equity in Plaintiffs' property and, therefore, Defendant's mortgage lien should be found to be of no further force and effect and said lien should be declared void.

Defendant, State Farm, filed a motion for summary judgment under Fed.R.Civ.P. 56 on the ground that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law. No affidavits are attached to defendant's motion. Plaintiffs filed a "Cross-Motion for Summary Judgment" and attached affidavits of the plaintiffs and an appraiser.

Based on the pleadings, the affidavits furnished by plaintiffs and the lack of opposing affidavits by defendant, We find that there is no genuine issue as to any material fact and that the sole question, herein, involves the legal issue of whether plaintiffs may avoid the undersecured mortgage of defendant.[1]

## CONCLUSIONS OF LAW

The basic legal argument put forth in defendant's memorandum in support of its motion for summary judgment is that its mortgage is not voidable under 11 U.S.C. § 522(f). This is correct. That section of the Bankruptcy Code *protects a debtor's exemption* by permitting the avoidance of *judicial liens* and *certain nonpossessory, nonpurchase-money security interests* to the extent such liens impair a debtor's exemption. The section does not encompass the avoidance of *mortgage liens on real estate.* However, § 522(f) is not the only Code section dealing with the validity of liens, nor are the debtors requesting the Court to protect their exemption rights against the operation of a mortgage lien. Rather, our focus is on that portion of a mortgage lien which exceeds the value of the real estate.

11 U.S.C. § 506(a) and (d) read as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

---

1. Both parties are deemed to have waived a hearing on their motions pursuant to S.D.Ohio R. 4.0.4.

Section 506(d) is a new provision in bankruptcy law. The meaning of the statute seems clear on its face: to the extent that a lien exceeds the value of collateral, it may be avoided. In addition, the brief legislative history of § 506(d) indicates no basis for departing from the clear meaning of the statute.

> Subsection (D) permits liens to pass through the bankruptcy case unaffected. *However,* if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 *and the claim is not allowed, then the lien is void to the extent that the claim is not allowed.* H.R. 95–595, 95th Cong. 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313 [Emphasis Supplied]

Of the few reported cases in this area of the law,[2] the leading case appears to be *In re Tanner,* 14 B.R. 933 (Bkrtcy.W.D.Pa. 1981). We have relied heavily on the well-reasoned and persuasive rationale of *Tanner.*

*Tanner* notes, as We have above, that the meaning of the statute appears plain. In addition, there is no indication of a Congressional intent that the word "lien" as used in Section 506(d) does not include a mortgage lien on real property. After concluding that both the plain language of Section 506(d) and the relevant legislative history support the construction that a real property mortgage is avoidable under subsection (d) to the extent the amount of the mortgage exceeds the value of the collateral, the discussion in *Tanner* is directed to whether this construction is consistent with the overall purpose of the statute.

The *Tanner* Court points out that to permit an undersecured mortgage to survive bankruptcy permits a creditor to satisfy its claim out of a debtor's post-petition property.

> The Debtor receives a discharge and a new beginning. Property acquired afterward is not subject to claims of pre-petition creditors. Appreciation of property or an increase of equity ownership by the reduction of an outstanding mortgage are examples of after acquired property which are attributable to the Debtor's post-bankruptcy efforts. If a real property mortgage is not avoidable to the extent it is undersecured, a pre-petition creditor will impair the Debtor's fresh start by partaking in his post-petition property acquisitions. (*Id.* at 936)

Finally, the functional effect of § 506 is examined in *Tanner:*

> The Code scheme of Section 506 is that creditors receive through the valuation procedure of the Bankruptcy Court the same property value that they would receive through a non-bankruptcy forced sale of the Debtor's non-exempt assets as of the petition date. Assuming the sale price is the market value, the Defendant would receive nothing under a forced sale. The property would pass to the purchaser free of Defendant's lien. The operation of Section 506(d) merely effectuates the market price.
>
> At a forced sale the Debtor does not retain title to the property and the overvalued lien holder would not gain from future appreciation or increases in equity. (*Id.* at 936–937)

Based on the analysis contained in *Tanner,* We agree with that Court's view that the operation of Section 506(d) to avoid undersecured mortgages on real property is consistent with the Code's policy of providing the debtor with a fresh start, and also accept the conclusion of *Tanner:*

> On the basis of the plain meaning of the language of Section 506 and elsewhere in the Code, the legislative history of subsection (d), and the fresh start policy of the Code, the only reasonable conclusion is that Congress intended Section 506(d) to authorize the avoidance of a real property mortgage to the extent it exceeds the value of the collateral. (*Id.* at 937)

An objection might be raised that, because no party in interest has requested this

---

2. *See, In re Rappaport,* 19 B.R. 971 (Bkrtcy.E. D.Pa.1982); *In re Vigne,* 18 B.R. 946 (Bkrtcy. W.D.Pa.1982); *In re Spadel,* 28 B.R. 537 (Bkrtcy.E.D.Pa.1983).

Court to allow or disallow Defendant's claim under § 502 of the Code, Defendant's lien should pass through the bankruptcy case unaffected. We believe, however, that Plaintiff's adversary complaint to determine the status of defendant's mortgage lien is sufficient to invoke the application of § 506(a).

One additional matter should be addressed. In its "Reply Brief to Plaintiffs' Cross-Motion for Summary Judgment," defendant, State Farm, requests the Court, in the event summary judgment is not rendered in its favor, for an opportunity to obtain an appraisal of the Plaintiffs' real estate. In their cross-motion for summary judgment, Plaintiffs have submitted an affidavit of Robert W. Skillman, who states, in part, the following:

"I am Robert W. Skillman, doing business as Skillman Realty Company. I am a licensed Ohio broker and a member of the Dayton Area Board of Realtors, and the Ohio State and National Association of Real Estate Boards. I have had experience as a realtor and appraiser of real property in Montgomery County, Ohio, for over 30 years. My experience regarding valuation of real property includes expert testimony at numerous trials and appraisals for countless probate cases and bankruptcy cases.

I appraised the property at 217 James Street, lot numbered 8529 of the consecutive numbers of lots on the revised plat of the City of Dayton, Montgomery County, Ohio, owned by Dallas G. Brace and Shirley M. Brace.

It is my opinion that the fair market value of the property as of August 17, 1982 is $18,500.00"

Attached to Mr. Skillman's affidavit is a copy of his appraisal report.

Defendant's sole reference to the fair market value of the property is contained in its answer, in which it denies the fair market value asserted by Plaintiffs, on the basis of insufficient knowledge and information. The denial in defendant's answer is not, of course, sufficient at this stage of the proceedings to demonstrate that there is a genuine issue as to a material fact, which would preclude the rendering of a summary judgment.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Fed.R.Civ.P. 56(e).

Although there may have been some reason that Defendant could not obtain an appraisal of Plaintiffs' property or otherwise oppose the affidavit of Mr. Skillen, Defendant has not brought such reason to the Court's attention nor utilized Fed.R.Civ.P. 56(f), which reads as follows:

(f) WHEN AFFIDAVITS ARE UNAVAILABLE. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Had the defendant filed an affidavit pursuant to Fed.R.Civ.P. 56(f) or by motion requested the Court for a continuance, in order to give it an opportunity to obtain an appraisal of the real estate, it would have been freely granted. But this was not done. Defendant has merely requested the court by memorandum, that *in the event it should be denied summary judgment,* it should then be given an opportunity to obtain an appraisal. It is "well settled that the opposing party is not entitled to hold back his evidence until trial, and is not entitled to a trial on the possibility that an issue of material fact might arise if the case were to go to trial on the merits." 6 MOORE'S FEDERAL PRACTICE ¶ 56.23 (2d ed. 1982).

Because defendant has elected not to file an opposing affidavit, has not furnished the court with any explanation for failure to file such an affidavit and has not sought additional time to acquire an appraisal, We conclude that there is no genuine issue of material fact here. The fair market value of Plaintiffs' real estate has been established as $18,500.00.

Based on the foregoing discussion and on the fact that the amount of the first mortgage of Winter's National Bank exceeds the fair market value of the Plaintiffs' real estate, We conclude that defendant's claim is totally unsecured and, therefore, its mortgage may be avoided.

It is, therefore, ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment be DENIED and that Plaintiff's cross-motion for summary judgment be GRANTED.