In re Stanley J. GIBBS, and Susan A. Gibbs, individually and Stanley J. Gibbs as an officer, director or partner of GibbsIrwin Properties Co., Gibbs-Irwin Management Co., Gibbs-Irwin Investment and G.I. Properties, Debtors.

Stanley J. GIBBS and Sue A. Gibbs, Plaintiffs,

v.

F & M MARQUETTE NATIONAL BANK, First Mid-America State Bank of Coon Rapids, Norwest Bank Central, N.A. and Scherer Bros. Lumber Co., Defendants.

Bankruptcy No. 4–84–879.
Adv. No. 4–84–176.

United States Bankruptcy Court, D. Minnesota.

Nov. 2, 1984.

Thomas F. Miller, Kelly & Miller, Minneapolis, Minn., for plaintiffs.

Hendrik DeJong and Linda Rusch, Faegre & Benson, Minneapolis, Minn., for Norwest.

Richard D. Anderson, Briggs & Morgan, St. Paul, Minn., for F & M Marquette Nat. Bank.

Robert Munns, Anoka, Minn., for Scherer Bros. Lumber Co.

Anthony P. Trimble, Anoka, Minn., for First Mid-America State Bank of Coon Rapids.

## ORDER DENYING MOTION TO DISMISS

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion of defendant Norwest Bank Central, N.A. (Norwest) to dismiss this adversary proceeding. Hendrik DeJong and Linda Rusch appeared on behalf of Norwest; Thomas F. Miller appeared on behalf of the plaintiffs; Richard D. Anderson appeared on behalf of F & M Marquette National Bank; Robert Munns appeared on behalf of Scherer Bros. Lumber Co., and Anthony Trimble appeared for First Mid-America State Bank of Coon Rapids. Based upon the memoranda and argument of counsel, I make the following:

## MEMORANDUM ORDER

This complaint is brought by Chapter 7 debtors [1] to avoid certain mortgage liens on their homestead.[2]

The complaint alleges that the homestead is worth approximately $200,000.00 and is encumbered by the following liens:

| Type | Date | Holder | Amount |
|------|------|--------|--------|
| Mortgage | 6/22/78 | F&M Marquette National | $ 82,400.00 |
| Mortgage | 5/25/79 | Mid-America State Bank | 15,000.00 |
| Mortgage | 12/02/80 | Norwest Bank Central | 200,000.00 |
| Mortgage | 12/09/81 | Norwest Bank Central | 55,603.16 |
| Mechanic's Lien | 12/10/81 | Scherer Bros. Lumber | 59,477.29 |
| | | Total | $ 412,480.45 |

The complaint is brought under 11 U.S.C. § 506(d) which provides: [3]

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

The debtors are not contesting, in this proceeding at least, that the claims stated are in fact allowed claims. What the debtors contest is that the mechanic's lien of Scherer Bros. and the December 9, 1981 mortgage of Norwest are not allowed *secured* claims and that the December 2,

---

1. Debtors originally filed a Chapter 11 case on May 16, 1984, but subsequently converted it to a Chapter 7 case on July 26, 1984.

2. The debtors claim their homestead as exempt in their original schedules filed on June 28, 1984, and in amended schedules filed on September 21, 1984. After the conversion a meeting of creditors was first set for September 10, 1984, and has not been continued. Under Bankruptcy Rule 4003(b), any objection to that claim of objection was required to have been filed within 30 days thereafter. No such objection has been filed.

3. Section 506(d) has been amended for cases filed after October 7, 1984.

1980 claim of Norwest is in part a secured claim and in part an unsecured claim. Their argument is based on 11 U.S.C. § 506(a) which provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Basically, § 506(a) provides that claims are secured claims only to the extent that there is collateral actually securing the claim. Thus under the facts alleged by the debtor, the F & M and Mid-America mortgages would both be totally secured claims since there would be sufficient collateral to secure both. The third mortgage of Norwest would be secured only to the extent of the difference between $200,000.00 and the first two mortgages, or a secured claim of $102,600.00, leaving an unsecured claim of $97,400.00. These three mortgages having totally exhausted the collateral, the fourth mortgage of Norwest Bank and the mechanic's lien of Scherer Bros. would both be totally unsecured claims. The debtors' argument then goes that under § 506(d) Norwest's fourth mortgage and the mechanic's lien are both void in total and the third mortgage of Norwest Bank would be void to the extent of $97,400.00.

■ Norwest's motion to dismiss is based on several grounds. First, Norwest claims that the Court lacks jurisdiction over the subject matter of the complaint. Since the property dealt with is admittedly exempt property, Norwest feels that the Bankruptcy Court has no jurisdiction; apparently feeling that the Bankruptcy Court has jurisdiction only over property of the estate which exempt property presumably is not. I disagree; I think exactly the contrary result is compelled. Jurisdiction is conferred on the district court by 28 U.S.C. § 1334 which reads in part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11

> . . . . .

> (d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtors as of the commencement of such case, and of the estate.

All cases and proceedings have been referred to the bankruptcy judges in this district pursuant to 28 U.S.C. § 157(a). *See, In Re Gagnard,* 17 B.R. 811 (Bkrtcy. W.D.La.1982).

While the jurisdiction objection does not seem to be directed towards the power of bankruptcy judges as opposed to the power of district judges, I think it is clear that this proceeding is a core proceeding as that term is used in 28 U.S.C. § 157(b). I therefore conclude that the district court has jurisdiction over this proceeding, that the district court has referred this proceeding to the Bankruptcy Court,[4] and that a bankruptcy judge may hear and determine this proceeding.

---

**4.** 28 U.S.C. § 151 provides that the bankruptcy judges shall constitute a unit of the district court known as the bankruptcy court.

Norwest next argues that § 506(d) may not be used to avoid liens on exempt property. The reported cases are split on this question. The following cases support the debtors' position that § 506(d) does apply to exempt property: *Brace v. State Farm Mutual Automobile Insurance Co. (In Re Brace)*, 33 B.R. 91 (Bkrtcy.S.D.OH 1983); *Vigne v. Equibank (N.A.) (In Re Vigne)*, 18 B.R. 946 (Bkrtcy.W.D.Pa.1982); *Tanner v. FinanceAmerica Consumer Discount Company (In Re Tanner)*, 14 B.R. 933 (Bkrtcy.W.D.Pa.1981); and *Walker v. First Federal Savings & Loan (In Re Walker)*, 11 B.R. 43 (Bkrtcy.N.D.Ill.1981). The following two cases support Norwest's position that § 506(d) does not apply to exempt property: *Cordes v. Geico Financial Services (In Re Cordes)*, 37 B.R. 582 (Bkrtcy.C.D.Cal.1984) and *In Re Mahaner*, 34 B.R. 308 (Bkrtcy.W.D.N.Y.1983).

First of all, there is nothing in § 506(d) that states that it does not apply to exempt property. As a chapter 5 provision, § 506 applies in cases under all chapters of the Bankruptcy Code. 11 U.S.C. § 103(a). Since it does apply in Chapter 7 cases, its use would almost always be by debtors on exempt property or on property that had been abandoned by the trustee. By necessity the provision only applies to property that is overencumbered by secured interests and would presumably therefore be a piece of property in which a Chapter 7 trustee would have absolutely no interest.[5]

Norwest argues that if § 506(d) can be used in this situation, then § 722 would be a meaningless provision. Section 722 provides:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under

section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

While § 722 is arguably incorporated within § 506(d), it has a completely different thrust. It is obviously a Chapter 7 provision and therefore applies only to Chapter 7 cases and also only to individual debtors on certain types of personal property secured by a certain type of debt. The two provisions are certainly not inconsistent and I don't feel that the arguable redundancy argues in favor of restricting a section which is unambiguous on its face.

Moreover, while Norwest argues that somehow the use of § 506(d) by a Chapter 7 debtor somehow results in a windfall, it is no more of a windfall than other provisions providing relief for debtors. In that regard § 506(d) is consistent with § 722 in that it basically allows the debtor to retain the property by paying to the secured creditors exactly what those creditors would have received outside of bankruptcy. Thus without determining the truth at this point of the allegations of the facts by the debtors, if the homestead is worth $200,000.00 the secured creditors will receive their $200,000.00 in the same priority they would have gotten if the property were either sold in the marketplace or foreclosed on. The sole difference, I suppose, would occur in the situation where a debtor was either willing to continue making payments on all of the encumbrances thus paying more than the property was worth, or alternatively paying the first and second mortgagee, reducing their debt which would eventually provide collateral for the subsequent secured creditors. All this assumes of course that those secured creditors would do nothing to foreclose on their secured interests in the meantime. All of these

---

5. This is not to say that there could not be situations where a trustee would be interested in using § 506(d). For example, a trustee might be in a position to avoid a first mortgage as a preference under § 547, preserve that first mortgage under § 551 and therefore be interest-

ed in avoiding subsequent encumbrances. However even in this situation it is more likely that a trustee would simply sell the property free and clear of all liens in which case the subsequent encumbrancers end up with nothing in any case.

scenarios are too farfetched to take very seriously.

Norwest also argues that allowing debtors to use § 506(d) conflicts with Congressional policy of encouraging debtors to use Chapters 11 or 13, since a debtor in Chapter 7 may get more benefit in the situation than they could under Chapters 11 or 13. For example in Chapter 13, 11 U.S.C. § 1322(b)(2) prohibits a debtor from modifying the mortgage if it is on the debtor's principal residence and the creditor holds no other security. In Chapter 11, § 1111(b)(2) permits a secured creditor to make an election which allows a creditor to retain a lien for its full amount. However, I see no inconsistency of these provisions with § 506(d). Obviously there are various provisions in all chapters of Title 11 which make them attractive for different reasons. If § 506(d) is one of those provisions that makes Chapter 7 attractive for individual debtors, that is a decision that Congress has made and it is something for Congress to change if it sees fit.

Lastly, Norwest relies on the use of the word "estate" in § 506(a) rather than the word "debtor". Thus the argument is that since this is exempt property, the estate has no interest. I have two comments. First, I hesitate to put too much reliance on the use by Congress of any particular word and in any case of course when the case is filed, all of the debtor's interest in property becomes property of the estate under § 541(a). I do not see that the fact that the property later becomes exempt should somehow then end the applicability of § 506(a). I also think Norwest's argument really goes farther than it would like. If its reading is correct, then since the estate now has no interest and since § 506 says that a claim is a secured claim only to the extent of a creditor's interest in the estate's interest in such property, then since the estate's interest is zero, the creditor's interest is zero and therefore Norwest does not have any secured claim. Therefore under § 506(d) its lien is completely void as would be the liens of all creditors secured

on exempt property. Obviously Congress never intended that result. Thus Norwest's literal reading of the statute is incorrect.[6]

The *Mahaner* court seems to have constitutional problems with § 506(d) independent of its applicability to exempt property or non-exempt property. The court in *Mahaner* rather glibly stated that it was unconstitutional to use § 506(d) but under § 506(d) creditors are deprived only of some sort of indefinite procedural right and not any current interest in property. Therefore I do not feel that § 506(d) runs afoul of the Fifth Amendment and Norwest has not even raised such an argument.

THEREFORE, IT IS ORDERED:

The motion of Norwest Bank Central, N.A. to dismiss this adversary proceeding is denied.

**6.** This is sometimes referred to as being "hoisted on your own petard".