**In re Vernon Dwayne JACKSON, Debtor.**

**Vernon Dwayne JACKSON and Lanette R. Jackson, Plaintiffs,**

v.

**Bruce WEST, Defendant.**

**Bankruptcy No. 387–33609–HCA–7.**

**Adv. No. 387–8019.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 1, 1988.

Herman A. Lusky, Law Offices of Herman A. Lusky, P.C., Dallas, Tex., for plaintiffs.

Charles A. Girand, Michael L. Rush, Dehay & Blanchard, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

The Court writes to announce its decision on the jurisdictional issues in the above referenced adversary proceeding. As the Courts are faced daily with the questions raised herein, this Memorandum Opinion serves to clarify the extent of bankruptcy court jurisdiction in the determination of the extent and validity of pre-petition liens

on homestead property when that property is no longer property of the estate.

The Debtor, Vernon Dwayne Jackson filed for relief under Chapter 7 of Title 11 of the United States Code on July 6, 1987. The Debtor listed Defendant as a creditor in this proceeding. The Defendant claims a third lien on the Debtor's homestead. The Debtor listed the property as his homestead. No party in interest filed an objection to the homestead exemption within the appropriate thirty (30) day time period pursuant to Bankruptcy Rule 4003(b) and therefore the Debtor's homestead property is no longer property of the estate.

The Debtor received his discharge on November 6, 1987. The Debtor filed this Complaint to Determine Extent and Priority of the Third Lien on his homestead on November 3, 1987. Plaintiff alleges that the third lien was not obtained by the Defendant in the manner permitted by Texas homestead law and the lien is therefore void and discharged as an unsecured debt of the Plaintiff. Defendant filed an Answer and Motion to Dismiss based upon lack of subject matter jurisdiction alleging that due to the fact that the homestead property is no longer property of the estate the bankruptcy court did not have jurisdiction to hear the Complaint.

The issue is whether this Court has jurisdiction to determine the extent of Defendant's lien on the Debtor's homestead since the property is no longer "property of the estate".

The determination of the validity, extent or priority of liens is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and 28 U.S.C. § 157(b)(2)(O). The requested relief sought in this matter deals directly with the adjustment of the debtor-creditor relationship as it affects the determination of whether the debt of the Defendant was in fact discharged in Plaintiff's Chapter 7 proceeding or whether it survives the bankruptcy discharge as a valid lien on the Debtor's property.

Section 1471(e) of Title 28 of the United States Code (hereinafter referred to as Section 1471) states: "The bankruptcy court in which a case under title 11 [11 U.S.C.S. §§ 101 et seq.] is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case." (emphasis added). This language is virtually identical to the language found in Section 1334(d) of Title 28 of the United States Code (hereinafter referred to as Section 1334), except that instead of "bankruptcy court" the term "district court" appears as the second two words of the provision. Thus a potential conflict within the statutes which grant jurisdiction exists.

However, Judge Kressel of Minnesota found in *In re Gibbs*, 44 B.R. 475 (Bkrtcy. D.Minn.1984) which case was decided subsequent to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (hereinafter referred to as BAFJA), that the Bankruptcy Court has jurisdiction over a case with facts nearly identical to the case at hand. In *Gibbs*, the Chapter 7 Debtors filed a complaint to avoid certain mortgage liens on their homestead. The mortgagee filed a Motion to Dismiss based upon lack of jurisdiction. The Court, interpreting Section 1334, found that by virtue of the referral by the district court under 28 U.S.C. § 157(a) and by virtue of the fact that the matter was a core proceeding, that jurisdiction existed in the bankruptcy court to hear and determine the claims of the parties.

The Court states that the Defendant "feels that the Bankruptcy Court has no jurisdiction; apparently feeling that the Bankruptcy Court has jurisdiction only over property of the estate which exempt property presumably is not. I disagree; I think exactly the contrary result is compelled." *Gibbs*, supra at 477.

Section 1471 was not amended by BAFJA. It was deleted and subsequently reinstated. The original legislative history through the Commission Bill from H.R. Rep. 595 states the following:

Section 2-201. Jurisdiction of the Bankruptcy Courts.

(a) Controversies arising out of a Case. The jurisdiction of the bankruptcy courts shall extend to the determination of all controversies that arise out of a case

commenced under this Act, including, without limitation, the following:

(2) controversies involving property set apart to the debtor as exempt, including the enforceability claims, whether of not secured against such property; ... (See H.R. 31, 94th Cong., 1st Sess. §§ 2–201(a), 2–201(b) (1975) as discussed in H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S. Code Cong. & Admin. News 1978 pp. 5787, 6401).

In the absence of amendment which speaks to this Section, the Court asserts that such is still valid and specifically grants jurisdiction to this Court to hear the Complaint in the case at hand.

## CONCLUSION

Plaintiff asserted and this Court agrees that it has jurisdiction to determine the rights of the parties hereto as this is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O). Further, this Court determines that it has jurisdiction to determine the issues presented herein pursuant to 28 U.S.C. § 1471 as well as 28 U.S.C. § 1334 as set forth in the *Gibbs* case supra. This case is not one seeking an avoidance of the lien under Section 522 of the Code but it seeks a determination that the lien on the debtor's homestead is as a matter of law void from its inception. The determination of this issue by this Court will determine the debts discharged by the Debtor's Chapter 7 discharge and will allow the Debtor to get the "fresh start" which the Code is designed to provide without the need for continuing litigation in other forums.

SO ORDERED.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On the 4th day of April, 1988, came on to be heard Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief Can Be Granted or in the Alternative Motion for Summary Judgement. The Court after hearing the arguments of counsel and reviewing the briefs submitted herein makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Debtor, Vernon Dwayne Jackson filed for relief under Chapter 7 of Title 11 of the United States Code on July 6, 1987.

2. The Debtor listed Defendant as a creditor in this proceeding. The Defendant claims a third lien on the Debtor's homestead in the approximate amount of $40,-000.00.

3. The Debtor listed the property located at # 29 Stonebriar Way, Frisco, Texas as his homestead.

4. No party in interest filed an objection to exemptions pursuant to Bankruptcy Rule 4003(b) and therefore the Debtor's homestead property is no longer property of the estate.

5. The Debtor received his discharge on November 6, 1987.

6. Debtor filed this Complaint to Determine Extent and Priority of Lien and Application for Preliminary Injunction on November 3, 1987.

7. Any finding of fact which should be more properly a conclusion of law is hereby incorporated therein.

## CONCLUSIONS OF LAW

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) & (O).

9. The Bankruptcy Court retains jurisdiction over the determination of the extent and validity of a pre-petition lien on homestead property pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1471.

10. The Bankruptcy Court retains jurisdiction over the determination of the extent and validity of a pre-petition lien on homestead property pursuant to *In re Gibbs*, 44 B.R. 475 (Bkrtcy.D.Minn.1984).

11. The Bankruptcy Court retains this jurisdiction even though the homestead is no longer property of the estate at the time of the filing of the Complaint to Determine the Extent of Lien or thereafter.

12. The Bankruptcy Court retains jurisdiction for the determination of the extent

and validity of a lien on homestead property in order to determine what debts are discharged in the bankruptcy proceeding and to determine the unsecured indebtedness of the Debtor's Estate.

13. Any conclusion of law which should be more properly a finding of fact is hereby incorporated therein.

SO ORDERED.