In re Anthony G. KOSTECKY, f/d/b/a K Y Builders and Kostecky Drywall and Lanae F. Kostecky, Debtors.

Anthony G. KOSTECKY and Lanae F. Kostecky, Plaintiffs,

v.

LOMAS MORTGAGE USA, INC., Defendant.

Bankruptcy No. 3–89–4142.
Adv. No. 3–89–330.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 21, 1990.

Paul A. Weingarden and Marjorie J. Holsten, Olson, Usset, Agan & Weingarden, Minneapolis, Minn., for defendant.

Andrew Druck and Robert A. Nicklaus, Nicklaus Law Firm, Chaska, Minn., for plaintiffs.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding came on before the Court on March 5, 1990, for hearing on Defendant's motion for dismissal and Plaintiffs' motion for summary judgment. Defendant appeared by its attorneys, Paul A. Weingarden and Marjorie J. Holsten. Plaintiffs appeared by their attorneys, Andrew Druck and Robert A. Nicklaus. Upon the moving and responsive documents, record made at hearing, all of the other files and records in this adversary proceeding, and relevant proceedings in Plaintiffs' Chapter 7 case, the Court makes the following order.

Plaintiffs filed a voluntary petition under Chapter 7 on October 30, 1989. Defendant is a scheduled secured creditor of Plaintiffs; it holds a mortgage against Plaintiffs' Sibley County, Minnesota homestead as assignee of Old Stone Mortgage Corporation, the original mortgagee under purchase-money financing extended to Plaintiffs in November, 1986. The current balance of the debt secured by this mortgage exceeds $60,000.00.

In their Schedule B–4, Plaintiffs claimed their homestead real estate as exempt, pursuant to 11 U.S.C. § 522(d)(1). No creditor or other party in interest timely objected; by operation of BANKR.R. 4003(b), the claim of exemption was duly allowed. In their Schedule B–1, Plaintiffs alleged that the value of the homestead was $24,100.00. In their complaint in this adversary proceeding, they alleged that the present fair market value of the homestead "does not exceed" that amount. On March 9, 1990, the Court entered an order closing Plaintiffs' case as a "no-asset case."

As relief herein, they request a determination of the value of Defendant's secured claim. In pertinent part, 11 U.S.C. § 506(a) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property ...

On the basis of this statute, they argue that the value of Defendant's secured claim is not more than $24,100.00. They then request a judgment avoiding Defendant's mortgage against the homestead to the extent that it secures any debt exceeding $24,100.00, citing 11 U.S.C. § 506(d):

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void ... [1]

Defendant has brought its motion for dismissal under FED.R.CIV.P. 12(b)(6), as incorporated by BANKR.R. 7012(b). In alleging that Plaintiffs have failed to state a claim upon which relief can be granted, Defendant has joined a threshold issue: Does 11 U.S.C. § 506(d) allow a Chapter 7 debtor to avoid liens against exempt property, to the extent that those liens secure debt in excess of the value of the property?

As both sides acknowledge, there is a split of authority on this issue. Defendant urges the Court to adopt the rule set forth most thoroughly in *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983), and *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va.1986). These courts concluded that § 506(d) does not allow a Chapter 7 debtor to "strip down" mortgages against overencumbered exempt real property. They reason that the Bankruptcy Code establishes a structure of debtor's rights and creditors' expectations in Chapter 7 cases. Under this rationale, the parameters of that structure are established by 11 U.S.C. § 722 (which establishes a right to redeem exempt tangible personal property from a lien by paying the amount of the allowed secured claim of the lienholder); §§ 1322(b)(2) (which prohibits the use of Chapter 13 to modify the long-term rights of holders of homestead mortgages) and 1111(b)(2) (which can prevent the § 506(a) writedown of a creditor's allowed secured claim in a Chapter 11 case,

by giving the creditor the right to elect to be treated as fully-secured for the purposes of a plan of reorganization); and § 522(g)(1)(A) (which prohibits a debtor from utilizing exemption and exemption-derivative lien-avoidance powers to recover property which the debtor had transferred voluntarily prior to bankruptcy). *See* 34 B.R. at 309–10 and 61 B.R. at 134–35. *See also In re Gaglia*, 76 B.R. 82 (Bankr.W.D. Pa.1987); *In re Cordes*, 37 B.R. 582 (Bankr.C.D.Calif.1984); *In re Nefferdorf*, 26 B.R. 962 (Bankr.E.D.Pa.1983); *In re Harvey*, 3 B.R. 608 (Bankr.M.D.Fla.1980).

As would be expected, Plaintiffs argue that the alternate line of authority is the one which correctly divines the congressional intent underlying § 506(d). The rationale of this string of cases had its first extended development in *In re Tanner*, 14 B.R. 933 (Bankr.W.D.Pa.1981). It is, apparently, the majority view. *In re Folendore*, 862 F.2d 1537, 1539 (11th Cir.1989). The courts adopting this rule do so on the opening premise that the language of § 506(d), simple, unequivocal, and unqualified as it is, contemplates its use by Chapter 7 debtors against liens against exempt property. *In re Folendore*, 862 F.2d at 1539; *In re Tanner*, 14 B.R. at 935–36 and 939. They note that the statute contains no language barring this use. *See, e.g., In re Worrell*, 67 B.R. 16, 20 (C.D.Ill.1986). They hold that the debtor, by virtue of record title ownership and an economic interest in retention of the homestead, has a real pecuniary interest so as to accord standing to invoke § 506(d). *In re Everett*, 48 B.R. 618, 620 (Bankr.E.D.Pa.1985).

These courts reject the argument, frequently adopted in the *Mahaner* line of cases, that only trustees have standing to invoke § 506(d), and that § 506(d) was fashioned only for use in connection with

---

**1.** Subsections 506(d)(1) and (2) establish two exceptions to the avoidability of liens not evidenced by allowed secured claims. The first exception operates to preserve pre-petition liens granted to secure the debtor's future family support obligations which are unmatured as of the debtor's bankruptcy filing, and liens which secure various sorts of claims against the debtor for contribution and indemnity. The second exception preserves liens which would be sub-

ject to avoidance under a very technical reading of the concept of "allowed secured claim" to limit it to one deemed "allowed" by the filing of a proof of claim pursuant to 11 U.S.C. § 502(a). This exception is available only where the lien's asserted vulnerability would result solely from the creditor's failure to perform the ministerial act of filing a proof of claim. Neither of these exceptions is applicable on the facts at bar.

sales by the estate of overencumbered non-exempt property. *In re Gibbs*, 44 B.R. 475, 478 (Bankr.D.Minn.1984). They go on to reject the various other textual and policy arguments against the free invocation of § 506(d) by Chapter 7 debtors. *In re Folendore*, 862 F.2d at 1540 (this application of § 506(d) does not vitiate § 722; it is only cumulative to it); *In re Worrell*, 67 B.R. at 20 (ditto); *In re Garnett*, 88 B.R. 123, 125–26 (Bankr.W.D.Ky.1988) (ditto; also, this use of § 506(d) neither defeats creditors' expectancy of a grant of relief from stay under 11 U.S.C. § 362(d)(1), nor circumvents the limitations of §§ 1322 and 1111(b) on the debtor's power to modify rights of secured creditors); *In re O'Leary*, 75 B.R. 881, 884 (Bankr.D.Ore. 1987) (ditto); *In re Lyons*, 46 B.R. 604, 606 (Bankr.N.D.Ill.1985) (ditto); *Brace v. State Farm Mut. Auto Ins. Co.*, 33 B.R. 91, 93 (Bankr.S.D.Ohio 1983) (ditto); *In re Spadel*, 28 B.R. 537 (Bankr.E.D.Pa.1983). *See also In re Roth*, 38 B.R. 531, 540 (Bankr.N. D.Ill.1984) (*dicta* ), *aff'd*, 43 B.R. 484 (N.D. Ill.1984); *In re Walker*, 11 B.R. 43 (Bankr. N.D.Ill.1981) (assuming this applicability of § 506(d) without discussion).

Two of the other judges of this Court have published decisions which fall into the latter camp. *In re Gibbs, supra* (Kressel, J.), contains a straightforward, common-sense treatment of the objecting creditor's arguments. In *Gibbs*, Judge Kressel rejects all of these arguments in turn, based on a coherent perception of the applicable structure of rights and expectations under the Code.

The creditor in *Gibbs* apparently focused on a textual argument, that Congress's reference in § 506(a) to "property in which the estate has an interest" operates to limit § 506(a)'s division of undersecured claims and its derivative remedy of lien avoidance under § 506(d), to situations involving non-exempt property of the estate. Judge Kressel conclusively disposed of this argument, in part by noting the tautology which results from a logical extension of it:

> ... [W]hen the case is filed, all of the debtor's interest in property becomes property of the estate under § 541(a). I do not see that the fact that the property later becomes exempt should somehow then end the applicability of § 506(a). I also think Norwest's argument really goes farther than it would like. If its reading is correct, then since the estate now has no interest and since § 506 says that a claim is a secured claim only to the extent of a creditor's interest in the estate's interest in such property, then since the estate's interest is zero, the creditor's interest is zero and therefore Norwest does not have any secured claim. Therefore under § 506(d) its lien is completely void as would be the liens of all creditors secured on exempt property. Obviously Congress never intended that result.

44 B.R. at 479.

*In re Haugland*, 83 B.R. 648 (Bankr.D. Minn.1988) (O'Brien, J.) both cites *Gibbs* and engages in an even more searching textual analysis to conclude that lien avoidance under § 506(d) lies against exempt property.[2] The creditor in *Haugland* similarly argued that the Bankruptcy Code simply does not contemplate a Chapter 7 debtor's application of § 506(d) to liens against exempt property, and that such application ran contrary to the exclusivity of other Code provisions structuring debtor's and creditor's rights in the case of undersecured debt secured by exempt property. Judge O'Brien conclusively addressed both of these contentions by noting that 11 U.S.C. § 522(c)(2)(A)(ii) *explicitly envisions* the application of § 506(d) lien avoidance to exempt property.[3]

---

**2.** *Haugland* involved exempt personal property. In a prior reported decision, *In re Cook,* 67 B.R. 240 (Bankr.D.Minn.1986), Judge O'Brien applied § 506(d) to an undersecured mortgage against exempt homestead real estate. The creditor in *Cook* apparently did not challenge the applicability of § 506(d), as Judge O'Brien applied the remedy without addressing the issue of the debtor's standing to invoke it.

**3.** The pertinent language is:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor

■ The policy judgment made in *Mahaner* and its progeny is all very well and good in the abstract, but it withers in the face of statutory language which undeniably shows that Congress did not share that conclusion. In the absence of a clearly expressed legislative intention to the contrary, the unambiguous language of a statute is to be regarded as conclusive. *In re Ophaug*, 827 F.2d 340, 342 (8th Cir.1987) (citing *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), and *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Where a legislative body has made an explicit determination of public policy, the federal courts should not circumvent the legislative function absent a showing of grounds for constitutional invalidation via the process of judicial review. *In re Johnson*, 80 B.R. 953, 963 (Bankr.D. Minn.1987), *remanded*, 880 F.2d 78 (8th Cir.1989).

Both Judges Kressel and O'Brien have given a careful reading to the problem at hand. This Court concurs fully with their logic and result. The language and structure of the Bankruptcy Code does not bar Plaintiffs from invoking the remedy of lien avoidance under 11 U.S.C. § 506(d) as to Defendant's mortgage against their homestead; as a result, it cannot be said that their complaint fails to state a claim upon which relief can be granted. Defendant's motion for dismissal is denied.

This leaves Plaintiffs' motion for summary judgment. Plaintiffs argue that there is no genuine issue of material fact going to the amount of Defendant's allowed secured claim and, therefore, that they are entitled to judgment avoiding Defendant's lien to the extent it secures a claim in an amount greater than $24,100.00. They rely solely

on the bare allegation of value in their verified complaint. There is no evidence of record as to the basis for this statement.

In the response to Plaintiffs' motion, Defendant's counsel submitted a copy of a two-page appraisal report to Defendant's memorandum, without an affidavit going to its authenticity. The person preparing this report purports to estimate the "market value" of the subject real estate, as of August 21, 1989, at "$32,000.00, repaired," and "as is $25,550."

■ While Plaintiffs' unsupported assertion of value is admittedly thin evidence going to the ultimate fact issue, it nonetheless is a statement of fact under oath upon which they could base their claim for relief, as well as their assertion that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330–31, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); *City of Mt. Pleasant v. Assoc. Electric Cooperative, Inc.*, 838 F.2d 268, 273–74 (8th Cir.1988).

FED.R.CIV.P. 56(c), as incorporated by BANKR.R. 7056, then shifted to Defendant the burden of production; to avoid a grant of summary judgment to Plaintiffs, Defendant had to produce concrete, probative evidence which demonstrated the existence of a triable fact dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 330, 106 S.Ct. at 2556; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *City of Mt. Pleasant v. Assoc. Electric Cooperative, Inc.*, 838 F.2d at 274; *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984). It has carried that burden.[4]

---

that arose ... before the commencement of the case, except

    .    .    .    .    .

(2) a debt secured by a lien that is—

    .    .    .    .    .

    (ii) not void under section 506(d) of this title ...

11 U.S.C. § 522(c)(2)(A)(ii).

**4.** The Court has reached this conclusion by substantially relaxing the technical requirements of

Rule 56, but only because of Plaintiffs' counsel's apparent acquiescence. Defendant's counsel filed only a photocopy of the appraisal report, not even establishing its authenticity by an accompanying affidavit by the appraiser. While Plaintiffs' counsel objected in his reply memorandum to the Court's consideration of the appraisal report, remarks which he made at hearing are fairly construed as a withdrawal of that objection. Accordingly, the Court has chosen to

Clearly, were this matter brought to trial, there would be contradictory evidence going to the issue of value. The evidence is *not* so one-sided that Plaintiffs must prevail as a matter of law, under the directed-verdict standard engrafted onto Rule 56 by *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. *See also Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 571 (8th Cir.1989). The ultimate fact issue here can be decided only after full evidentiary development via direct and cross-examination of export and non-expert testimony, and only after evaluation of the demeanor of witnesses and the probity and reliability of their conclusions. Plaintiffs' assertion that there is no genuine issue of material fact in this adversary proceeding is belied by the record; thus, their motion for summary judgment is denied.[5]

IT IS THEREFORE ORDERED:

1. That Defendant's motion for dismissal of Plaintiffs' complaint is denied.

2. That Plaintiffs' motion for summary judgment is denied.

relax the unspoken requirement of Rule 56(c) that all "evidence" on the existence of triable fact issues be given in the form of statements given under oath or under penalty of perjury. Counsel would do better to protect their client's right to trial in a more fastidious manner; the Court could have taken a technical approach and found for Plaintiffs.

5. This disposition reserves the issue of whether the Court should limit the "stripping-down" of

Defendant's lien to an amount less than the full difference between the homestead's value, and the amount of Plaintiffs' debt to Defendant. Defendant alleges that Plaintiffs have committed substantial waste to the property since they mortgaged it, and should not be allowed to benefit from their actions. The factual and legal issues joined by this accusation are better resolved after full evidentiary development and briefing.