In re Arthur D. COX, Debtor.

Paul H. ANDERSON, Jr.,
as Trustee, Plaintiff,

v.

Natalie SPEAKS, Individually and as
Natural Guardian of Artesha
Cox, Defendant.

Bankruptcy No. A94–67671–SWC.
Adversary No. 94–6601.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 2, 1996.

Paul H. Anderson, Jr., Burton & Anderson, Atlanta, GA, for Plaintiff.

Natalie Speaks, Defendant Pro Se.

### ORDER

STACEY W. COTTON, Chief Judge.

This matter is before the court on a motion for summary judgment filed by plaintiff Paul H. Anderson, Jr., Chapter 7 trustee. Plaintiff seeks a judgment against defendant Natalie Speaks, declaring that she has no allowable secured interest in this debtor's estate. Defendant has discharged counsel in this case and is proceeding *pro se*. The court will treat defendant's response as a cross-motion for summary judgment. This is core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)

& (K). The court's findings of fact and conclusions of law are set forth hereinafter.

### FACTS

The facts are undisputed. On February 7, 1994, the California Superior Court of San Diego ("California Court") entered a judgment by default in favor of defendant against debtor declaring him the father of defendant's child. The California Court ordered debtor to pay $20,350 child support, $5,765.65 attorney fees and future monthly child support of $1,000. To secure payment of the awards that court, pursuant to California law, also granted defendant a lien on all sums owed to debtor by the Chargers Football Company ("Chargers") and the Falcons Football Club ("Falcons").

On June 3, 1994, debtor filed his petition for Chapter 7 relief and plaintiff was appointed as trustee. On the filing date, the Chargers were holding approximately $90,000 for the benefit of debtor representing severance pay from the Chargers and Falcons. Defendant, on July 15, 1994, filed a motion for relief from the automatic stay to seek distribution of prepetition child support payments and to enable the California Court to determine the disposition of the remaining funds held by the Chargers. The entire $90,000 was determined by this court to be property of this estate subject to any and all liens of defendant. (Order entered December 21, 1994). At the time of debtor's filing, defendant held a secured and allowable prepetition claim for child support arrearages and attorney fees in the amount of $30,122.65. Applicable taxes were estimated to be $36,075.17, leaving a balance of $23,802.18.

Plaintiff did not contest the validity of the lien securing defendant's prepetition claim and consented to payment of defendant's secured and allowable prepetition claim in full. By orders of this court entered October 18, 1994 and December 21, 1994, the Chargers were directed to release the $30,122.65 for defendant's prepetition claim to such person or entity as determined by the California Court. By consent of all parties the Chargers were also authorized to pay the taxes allocable to these funds. The after-tax balance was ordered paid to plaintiff subject to

all liens and claims of defendant or any other party. On or about December 28, 1994, the Chargers paid $23,802.18 to plaintiff representing the balance of funds held by it.

Further, by order entered February 27, 1995, plaintiff was authorized to pay $9,285.33 of the $23,802.18 to the Chargers in attorney fees. There remains a balance of $14,516.85 which is subject to defendant's claim.

Defendant filed her proof of claim as a secured claim in the amount of $90,000 on November 14, 1994.

## DISCUSSION

■ Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, provides for the granting of summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it "... might affect the outcome of the suit under the governing (substantive) law...." *Anderson v. Liberty Lobby,. Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). A dispute of fact is genuine "... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby,* 516 F.2d 961, 963 (5th Cir.1975).

■ In determining whether there is a genuine issue of material fact, the court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir. 1984). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also*

Fed.R.Civ.P. 56(e). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Coats & Clark,* 929 F.2d at 608.

■ Since defendant is *pro se,* her response is treated as a cross-motion for summary judgment. The court notes, however, that when a non-moving party is entitled to judgment as a matter of law, the court may grant summary judgment in favor of the non-moving party. *Lindsey v. Bureau of Prisons, U.S. Department of Justice,* 736 F.2d 1462, 1463 (11th Cir.1984), *vacated on other grounds,* 469 U.S. 1082, 105 S.Ct. 584, 83 L.Ed.2d 695 (1984), *citing, Fountain v. Filson,* 336 U.S. 681, 683, 69 S.Ct. 754, 755, 93 L.Ed. 971 (1949); *Bosarge v. United States Department of Education,* 5 F.3d 1414, 1416, n. 4 (11th Cir.1993); *Local 33, International Hod Carriers Building and Common Laborers' Union of America v. Mason Tenders District Council,* 291 F.2d 496 (2d Cir.1961); *Missouri Pacific Railroad Co. v. National Milling Co.,* 409 F.2d 882, 885 (3rd Cir.1969). The filing of a formal cross-motion is not necessary. *Local 453, International Union of Electrical, Radio & Machine Workers v. Otis Elevator Company,* 314 F.2d 25, 27 (2d Cir.1963). As long as the original movant had an opportunity to show that his opponent is not entitled to judgment as a matter of law, the court may grant summary judgment sua sponte. *Lindsey,* 736 F.2d at 1463; *Kohlheim v. Glynn County, Georgia,* 915 F.2d 1473, 1478 (11th Cir.1990). Although Fed.R.Civ.P. 56 requires that notice and an opportunity to respond be given to a party threatened by summary judgment, formal notice to the original movant is not required. *Lindsey,* 736 F.2d at 1463. In the present case, however, a reply by the movant is permitted by LR 220–5 made applicable by LR 705–2 and 716–2, NDGa.

First, plaintiff has consented to payment of defendant's judgment for her secured prepetition support arrearage claim. By his consent to orders entered October 18, 1994 and

December 21, 1994, plaintiff has acknowledged and the court has resolved the general validity of defendant's lien. It is the future child support provision of the judgment that plaintiff disputes.

▮▮▮ The issue before this court is whether defendant's judgment lien secures her claim for future child support. The court finds that it does. Section 502 of Title 11 governs the allowance or disallowance of claims. Pursuant to § 502(b)(5), a nondischargeable unmatured support claim is not an allowable claim against the assets of the estate.[1] 11 U.S.C. § 502(b)(5). Only matured prepetition support claims are considered allowable. "Congress clearly intended that postpetition [future] support obligations were to be paid out of the debtor's postpetition income, and not from estate property." *Coggin v. Coggin*, 30 F.3d 1443, 1452 (11th Cir.1994). *See United States of America v. Sutton*, 786 F.2d 1305, 1307 (5th Cir.1986) (support collectible from exempt property or property acquired post-filing). Therefore, defendant's claim for unmatured, future child support payments is disallowed. Defendant's claim for prepetition child support arrearages and attorney fees has been allowed and paid pursuant to previous orders of this court.

This does not, however, resolve defendant's lien claim to these funds. Plaintiff argues that

> [u]nder 11 U.S.C. § 506(a), only an allowed claim can constitute a secured claim. Therefore, the ... balance of the ... funds in question, ..., constituted unencumbered property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). (Plaintiff's Brief, p. 4).

Thus, plaintiff appears to contend that because defendant's future support claim is not an allowable claim, her lien is void. Defendant asserts, however, that the lien granted by the California court is still in full force and effect.

▮▮▮ Under § 506(d), a lien that secures a claim that is not an allowed secured claim is

void, with certain exceptions. The relevant language of § 506(d) is as follows:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> > (1) such claim was *disallowed only under section 502(b)(5)* or 502(e) of this title.... (Emphasis added).

11 U.S.C. § 506(d)(1). A leading bankruptcy treatise in commenting on § 506(d), as amended in 1984, states:

> The Bankruptcy Amendments and Federal Judgeship Act of 1984, rewrote paragraphs (1) and (2), clarifying some of the ambiguities that had given rise to litigation thereunder. *Section 506(d) provides for the avoidance of any lien securing a claim which is not allowed except under the following explicitly enumerated circumstances: if the claim was disallowed only because (a) it had not yet matured pursuant to section 502(b)(5)....* (Emphasis added).

3 Collier on Bankruptcy ¶ 506.07, pp. 506–68 (15th Ed.1988). The Eleventh Circuit, commenting on the pre–1984 § 506(d) provisions, noted that:

> One purpose of section 506(d)(1) is simply to codify the rule of *Long v. Bullard* [117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004] [ (1886) ] which previously had been purely a judge-made rule of bankruptcy law— permitting liens to pass through bankruptcy unaffected. See H.R.Rep. No. 595, 95th Cong., 2d sess. 357 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; see also id. at 361; S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978); 3 Collier on Bankruptcy, *supra*, ¶ 506.07, at pp. 506–49.

*In re Thomas*, 883 F.2d 991, 997 (11th Cir. 1989). [quoting *In re Tarnow*, 749 F.2d 464, 466 (7th Cir.1984) ]. Unavoided liens ordinarily pass through bankruptcy. *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

---

**1.** Pursuant to § 523(a)(5), claims for alimony, maintenance or support obligations are nondischargeable.

The language of § 506(d) clearly states exceptions to the lien avoidability provision. One exception is for a nonallowable unmatured support claim. "[W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" (citation omitted). *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Here, the statute is clear. It states a congressional intent to preserve a prepetition lien which secures a nonallowable claim for future support.

The California Supreme Court granted defendant a prepetition lien to secure her unmatured child support award. While not allowable against this bankruptcy estate, her lien claim falls squarely within the exception to avoidability under § 506(d)(1). *See, e.g., Kostecky v. Lomas Mortgage USA, Inc.*, 111 B.R. 823, n. 1 (Bankr.D.Minn.1990) and *In re Ottaviano*, 63 B.R. 338, n. 5 (Bankr.D.Conn.1986) (§ 506(d)(1) preserves prepetition liens granted to secure debtors future family support obligations). Therefore, the court concludes that defendant holds an unavoided lien on the subject funds that is superior to the trustee's claim. Because defendant's lien claim will equal or exceed the amount of the remaining funds, there is no realizable equity in the remaining funds for the benefit of the estate. The motions for summary judgment are granted in part and denied in part. Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment is granted in part to the extent that defendant's claim for unmatured, future child support against this debtor's estate is **disallowed** pursuant to § 502(b)(5); and it is

**FURTHER ORDERED** that plaintiff's motion for summary judgment is **denied** in part and defendant is granted summary judgment as to the defendant's lien claim to the $14,516.85, plus any accrued interest.

The clerk is directed to serve a copy of this order upon plaintiff's counsel and defendant.

IT IS SO ORDERED.