**In re Paul J. KRAHN and Marsha M. Krahn, Debtors.**

**Bankruptcy No. 3–89–807.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Oct. 22, 1990.

Steven Ballantine, St. Paul, Minn., for debtors.

Tracy Anagnost, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court for evidentiary hearing on September 6, 1990 on Debtor's continuing objection to Claim No. 8 for the Department of the Treasury for the Internal Revenue Service of the United States of America (hereinafter "IRS"). Steven L. Ballantine appeared for the Debtors. Tracy A. Anagnost appeared for the IRS. This is a core proceeding under 28 U.S.C. §§ 1334 and 157(a), and Local Rule 103(b). The Court has jurisdiction to determine this matter under 28 U.S.C. § 157(b)(2)(B). Based upon the arguments of counsel, and all of the files and records in this case, the Court now makes the following Order pursuant to the Federal and Local Rules of Bankruptcy.

· I.

FACTS

On February 6, 1989, the IRS filed its federal tax lien in Washington County, Minnesota, in the total amount of $49,-823.26 for delinquent taxes owing by the Debtors. The tax claimed to be secured by the lien was itemized as follows:

| Taxable Year | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total to Petition Date |
|---|---|---|---|---|
| 12/31/81 | $ 418.00 | $ 65.98 | $ 521.53 | $ 1,005.51 |
| 12/31/84 | 9,028.50 | 3,544.24 | 6,255.87 | 18,828.61 |
| 12/31/85 | 7,308.00 | 1,361.70 | 2,551.01 | 11,220.71 |
| 12/31/86 | 5,792.00 | 878.11 | 1,274.56 | 7,944.67 |
| 12/31/87 | 5,250.00 | 361.75 | 523.49 | 6,135.24 |

The Debtors filed their Chapter 13 Petition on March 6, 1989. The above-referenced lien supported IRS Claim No. 8, initially filed in the case as a secured claim. On November 29, 1989, the Debtors filed their objection to the claim on several grounds. The Debtors argue that the lien improperly included tax periods ending December 31, 1981 and December 31, 1984. They also claim that the lien is avoidable under 11 U.S.C. § 506(d) as to Marcia Krahn's homestead in Washington County,[1] and that it is void as to her personal property located in that county under the Internal Revenue Code 26 U.S.C. § 6334.

The Debtors filed a memorandum in support of their objection on August 29, 1990. On March 2, 1990, in its supplemental memorandum, the IRS stated its intent to amend Claim No. 8 to list tax claims for years 1985, 1986 and 1987 as *unsecured* priority claims under 11 U.S.C. § 507(a)(7), and to list tax claims for years 1981 and 1984 as *unsecured* claims without priority. However, the IRS continues to assert its right to a lien on the Debtors' exempt real and personal property located in Washington County.

## II.

### ISSUES

1. Has the IRS waived its secured status regarding the Debtor's exempt property by electing to amend its claim filed in the case, treating it as entirely unsecured?

2. Absent waiver, is 11 U.S.C. § 506(d) applicable to IRS statutory liens encumbering exempt property?

3. Absent waiver, is the IRS lien on the personal property void under 26 U.S.C. § 6334 and 11 U.S.C. § 522(c)?

## III.

### DISCUSSION

1. *Waiver.*

■ The original secured claim of the IRS arose under 26 U.S.C. § 6321 [2] as a statutory lien.[3] The IRS, however, voluntarily abandoned its secured claim in a March 2, 1990 supplemental memorandum by asserting its claim for tax years ending 12/31/85, 12/31/86, and 12/31/87 as a priority *unsecured* claim under 11 U.S.C. § 507(a)(7)(A)(i) [4], and its claim for tax years ending 12/31/81 and 12/31/84 as an *unsecured* claim without priority. While a portion of its claim requires priority treatment under 11 U.S.C. § 1322(a)(2), IRS Claim No. 8 is totally unsecured. Yet the IRS continues to argue the survival of its lien against the Debtors' exempt property in Washington County.

The IRS supplemental memorandum does not explain why the IRS expects to retain its lien on exempt property of the Debtors after it voluntarily abandoned its secured claim in the case. Apparently, however, the theory under which the IRS expects to resuscitate the lien turns upon an interpretation of 11 U.S.C. § 506(a) that

---

**1.** In its pleadings, the IRS concedes that its lien has no collateral value because the property is encumbered in excess of its value by prior liens.

**2.** 26 U.S.C. § 6321 reads in pertinent part: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

**3.** Statutory liens are defined at 11 U.S.C. § 101(47): "... arising solely by force of a statute on specified circumstances or conditions, ... but does not include security interest or

judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute...."

**4.** 11 U.S.C. § 507(a)(7)(A)(i) reads in pertinent part: "... allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) A tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; ...."

splits the Debtors' property into the mutually exclusive categories of "property of the estate" and "exempt property". The IRS treats only claims against "property of the estate" as allowed secured and unsecured claims under § 506(a). While the case is not cited in the IRS memorandum, a recent Iowa case suggested that such a split is appropriate. *See Matter of Lassiter*, 104 B.R. 119 (Bankr.S.D.Iowa 1989).

At filing, all of the debtor's property constitutes property of the estate. 11 U.S.C. § 541(a). *And see In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984). Under 11 U.S.C. § 506(a), debtors or creditors may obtain a determination of the allowed amount of a particular secured claim.

■ At one time, creditors argued in this jurisdiction that 11 U.S.C. § 506[5] should apply only to the estate's interest in property, after deducting exempt interests; that it was meant only to assist trustees in liquidating assets available for sale to pay creditors. Minnesota bankruptcy judges have rejected this argument, and have uniformly held that the § 506 determination of secured status is to be made without regard to the exempt status of particular property. *In re Gibbs*, 44 B.R. 475, 479 (Bankr.D.Minn.1984). *In re Haugland*, 83 B.R. 648, 651 (Bankr.D.Minn.1988). *In re Kostecky*, 111 B.R. 823, 826 (Bankr.D. Minn.1990). By electing to treat its claim as entirely unsecured in the bankruptcy case, the IRS has waived its secured status with respect to property of the Debtors that became property of the estate, including property subsequently allowed as exempt.

2. *Application of § 506(d) to the Homestead, Absent Waiver.*

■ The law in this jurisdiction is clear that liens on exempt property are subject to avoidance under § 506(d). *In re Gibbs*, 44 B.R. 475, 479 (Bankr.D.Minn.1984). *In re Haugland*, 83 B.R. 648, 651 (Bankr.D. Minn.1988). *In re Kostecky*, 111 B.R. 823, 826 (Bankr.D.Minn.1990). The IRS argues that § 506(d) should not apply to its statutory lien, citing a number of cases that recognize survival of tax liens in bankruptcy generally. However, none of the cases involve application of § 506(d). The premise that these types of liens generally survive bankruptcy is no more a defense against application of § 506(d), than is the general premise regarding survival of mortgage liens a defense against application of the section to avoid a mortgage having no collateral value.

The IRS argues that § 522(c)(2)(B) supports its position because it provides for the survival of tax liens on exempt property without qualification by reference to § 506(d). The survival of other types of liens on exempt property, provided for in § 522(c)(2)(A), is specifically qualified by reference to § 506(d). Through omission of the reference from § 522(c)(2)(B), the IRS concludes that Congress intended that § 506(d) not apply to tax liens.

The scope of application of § 506(d) is stated in the section itself, and is otherwise limited only by inapplication of § 506(a) to the particular claim pertaining to the underlying encumbrance.[6] Certainly, nothing in § 506(d) excludes its application to tax claims or tax liens. While it is not clear why Congress specifically noted, in § 522(c)(2), the application of § 506(d) to

---

**5.** 11 U.S.C. § 506(a), in pertinent part, provides: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

**6.** For instance, this Court has held that 11 U.S.C. § 1322(b)(2) and (b)(5) together constitute a claim impairment statute that supersedes 11 U.S.C. § 506(a) with respect to residential mortgage liens in Chapter 13 cases. *See In re Catlin*, 81 B.R. 522 (Bankr.D.Minn.1987). On that basis, it was found that § 506(d) could not be used to partially avoid a residential mortgage lien in a Chapter 13 case. *See In re Sauber*, 115 B.R. 197 (Bankr.D.Minn.1990). Section 506(d) applies only to "allowed secured claims" as determined and governed by § 506(a).

some types of liens and not others, the mere failure to note the application in § 522(c)(2), cannot be read to abrogate the privilege granted in § 506(d).

■ The IRS concedes that its lien against the homestead has no collateral value because the value of prior liens exceed the value of the property. Accordingly, even if the IRS had not waived its lien by electing to treat its claim as unsecured, the lien would be voidable under 11 U.S.C. § 506(d).

3. *Application of 11 U.S.C. § 522(c) and 26 U.S.C. § 6334 to IRS Lien on Personal Property, Absent Waiver.*

■ The Debtors claim that 26 U.S.C. § 6334 and 11 U.S.C. § 522(c) combine to void the IRS lien on Marsha Krahn's personal property located in Washington County where the lien was filed, citing *In re King*, 102 B.R. 184 (Bankr.D.Neb.1989).[7] The property is valued at $2,500. The IRS argues that § 6334 is simply a statute that prohibits levy on certain property that would otherwise be subject to seizure by reason of a § 6321 lien; and that the prohibition against levy does not void the lien. The IRS cites *U.S. v. Barbier (In re Barbier)*, 896 F.2d 377 (9th Cir.1990). The position of the IRS is more persuasive, and the lien against the personal property would have remained valid (to the extent of collateral value) in this case, had the IRS not waived the lien by treating the entire claim as unsecured.[8]

## IV.

## CONCLUSION

Based on the foregoing, the objection by the Debtors to Claim No. 8, filed by the IRS as a secured claim, now treated by the IRS as an unsecured claim as to estate property and secured as to exempt property, must be sustained. Accordingly, IT IS HEREBY ORDERED:

The Debtor's objection to Claim No. 8 of the Internal Revenue Service is sustained consistent with the analysis reached in this opinion. The entire claim is unsecured and the IRS tax lien filed on February 6, 1989, is null and void as to all Debtors' property, real and personal, in Washington County, Minnesota, including the following described exempt homestead of Marsha Margaret Krahn in said County and State: *Lot 1, Block 5, Sun Meadow 1st Addition; Lot 10, Block 5, Sun Meadow 1st Addition.*

7. Section 6334 states in pertinent part:

  (a) Enumeration.—There shall be exempt from levy—

    (1) Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

    (2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and the personal effects in his household, and the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,500 in value;

    (3) Books and tools of the trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,000 in value.

    \*    \*    \*    \*    \*    \*

8. The personal property is not otherwise encumbered, but § 506(d) would limit the lien to the value of the property, $2,500.