In re W.F. MONROE CIGAR, CO., an Illinois Corporation, Debtor.

UNITED STATES of America, Appellant,

v.

W.F. MONROE CIGAR, CO., State of Illinois, Appellees.

No. 93 C 6348.

United States District Court, N.D. Illinois, E.D.

April 19, 1994.

U.S. Attorney's Office, Chicago, IL, Karen A. Smith, Samuel D. Brooks, U.S. Dept. of Justice, Washington, DC, for appellant.

Steven Richard Radtke, Chill, Chill & Radtke, P.C., Chicago, IL, for appellees.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the appeal of the United States of America from the United States Bankruptcy Court for the Northern District of Illinois. For reasons that follow, the court reverses the decision of the bankruptcy court.

### FACTS

W.F. Monroe Cigar Company ("debtor") filed a Chapter 11 bankruptcy petition on

December 27, 1984 for which a plan of reorganization was later confirmed (the "first bankruptcy"). The plan of reorganization provided for full payment of various priority unsecured claims, including claims of the Internal Revenue Service ("IRS") for employment taxes relative to the third and fourth quarters of 1984. The debtor subsequently defaulted on the plan. On October 19, 1990, in response to the default, the IRS attempted to perfect and secure its liens by filing a notice of federal tax lien with respect to the unpaid federal income tax for the third and fourth quarters of 1984.

On December 3, 1990, the debtor filed a second Chapter 11 petition with the bankruptcy court (the "second bankruptcy"). The IRS again filed proof of claim for the unpaid federal income taxes for the third and fourth quarters of 1984. In the second bankruptcy, however, the IRS alleged a secured status for its tax liens by virtue of its filing of the notice of federal tax lien prior to the filing of the second bankruptcy petition. The Illinois Department of Revenue ("IDR"), and the Illinois Department of Employment Security ("IDES") also claimed secured tax liens against the property of the debtor in the second bankruptcy. It is not disputed that the IRS liens at issue were assessed prior to the state tax liens.

When the IRS and the State of Illinois could not agree on the priority of their respective claims, the debtor filed a motion in the nature of a Bill of Interpleader with the bankruptcy court, asking the bankruptcy court to determine the relative priority of the IDR, IDES, and IRS claims. The IRS filed a motion for summary judgment contending that its claims have priority over the state claims by virtue of the IRS's now secured status, and its earlier assessment dates. The IDR and IDES filed a cross-motion for summary judgment. The bankruptcy court denied the summary judgment motions, and in determining the priorities of the respective claims, held that the IRS's claim was not a secured claim, but was an unsecured priority tax claim. 157 B.R. 125. The IRS is appealing the bankruptcy court's decision treating its claims as unsecured claims.

*DISCUSSION*

■ This appeal involves strictly legal issues and the standard of review is, therefore, *de novo*. *In re Bonnett,* 895 F.2d 1155, 1157 (7th Cir.1989). The statute governing the creation and priority of federal tax liens is similar to the statutes governing state tax liens. With respect to both federal and state taxes, a lien arises when the appropriate agency issues an assessment. 26 U.S.C. § 6322; 35 ILCS 120/5a; 820 ILCS 405/2400. Under these statutes, the general rule for determining the priority of tax liens is to compare the dates on which each agency made its assessments. *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Notwithstanding the foregoing, a secured tax lien has priority over an unsecured tax lien regardless of the respective assessment dates. *See, e.g., In re Darnell,* 834 F.2d 1263, 1265 (6th Cir.1987); *In re Reichert,* 138 B.R. 522, 526 (Bankr. W.D.Mich.1992).

The IRS can perfect its tax liens, and thereby achieve a secured status for the liens, by recording a notice of federal tax lien with respect to the delinquent taxes. 26 U.S.C. § 6323. An unrecorded tax lien remains unsecured, but nonetheless enjoys a certain priority for purposes of a bankruptcy petition. 11 U.S.C. § 507(a)(7).

■ Section 1141 of the bankruptcy code describes the usual effects of confirmation of a Chapter 11 bankruptcy plan. There are ordinarily three effects. First, all creditors are bound by the provisions of the plan, regardless of whether the creditor filed a claim. 11 U.S.C. § 1141(a). Second, all property vests in the debtor free and clear of all claims and interests of creditors, except as otherwise provided in the plan or in the order confirming the plan. 11 U.S.C. § 1141(c). Third, a debtor is discharged of all debts arising before confirmation of the plan. 11 U.S.C. § 1141(d). Therefore, pursuant to § 1141, once a plan under Chapter 11 is confirmed, a creditor can no longer enforce its pre-Chapter 11 lien rights, but is limited to the rights granted in the plan. *In re Arctic Enters., Inc.,* 68 B.R. 71, 79 (D.Minn.1986); *In re Wood,* 47 B.R. 774, 777 (Bankr.W.D.Wis.1985).

■ The application of § 1141's discharge provisions, ordinarily straight forward, is amorphous when applied to serial Chapter 11 filings after a debtor defaults on its original plan of reorganization. Serial Chapter 11 bankruptcy filings pose unique and unprecedented problems because Congress never anticipated such contingency. *In re Official Comm. of Unsecured Creditors of White Farm Equip. Co.*, 943 F.2d 752, 753 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1292, 117 L.Ed.2d 515 (1992); *In re Jartran, Inc. (Fruehauf Corp. v. Jartran, Inc.)*, 886 F.2d 859, 860 (7th Cir.1989). The solutions usually available when a Chapter 11 reorganization fails include liquidation within the existing Chapter 11, or conversion to a Chapter 7 pursuant to 11 U.S.C. § 1112(b)(8). *Jartran,* 886 F.2d at 869.

■ When deciding the status of a tax claim filed in two sequential Chapter 11 filings, the court must delicately balance the priority and discharge schemes established by the Bankruptcy Code. *White Farm,* 943 F.2d at 757. The court must weigh the debtor's interest in starting fresh unburdened by massive past taxes, and the tax collector's interest in raising revenue. *Id.* at 756.

■ By enacting the discharge provision, Congress sought to encourage successful reorganization by allowing debtors to present their creditors with a fixed list of liabilities. *Id.* This objective is not hindered by allowing the IRS to secure its liens subsequent to the first Chapter 11 filing because the original plan already provided for full payment of the IRS's liens. By recording the liens and attaining a secured status for them in the second bankruptcy after the debtor's first failed attempt at reorganization, the IRS merely attempted to assure full payment for liabilities that the first bankruptcy "fixed." The § 1141 discharge provision is primarily designed for undetected liabilities not addressed in the plan of reorganization. *Id.* There would be a more persuasive argument for discharge if the original plan had provided for only partial payment of the IRS's liens, and the IRS was claiming more in the second bankruptcy as a result of their new secured status. However, such is not the case here where the IRS's liens were provided for in full under the original plan.

■ The State of Illinois offers two arguments in support of its position that the IRS's claim in the second bankruptcy is unsecured. First, it argues that where a creditor files a claim as unsecured, it waives the right to subsequently assert that the claim is secured, citing to *In re O'Gara Coal Co.*, 12 F.2d 426 (7th Cir.), *cert. denied,* 271 U.S. 683, 46 S.Ct. 633, 70 L.Ed. 1150 (1926); *In re Krahn,* 124 B.R. 78 (Bankr.D.Minn. 1990). The waiver theory is applicable in single petition bankruptcy cases; however, neither *O'Gara* nor *Krahn* address the unique problem of serial Chapter 11 filings at issue in this case. The IRS is not claiming a secured status for its liens in the first bankruptcy, under which its unsecured priority claim is provided for in full.

■ Second, the State of Illinois asserts that when the plan of reorganization in the first bankruptcy was confirmed, the IRS's liens were discharged because the plan did not provide for their retention. *See* 11 U.S.C. § 1141(c). Accordingly, the IRS's recording of a notice of federal tax lien was ineffective because no lien existed. This argument fails to recognize that serial Chapter 11 filings were not anticipated by Congress when it enacted § 1141. In *White Farm,* the Seventh Circuit recognized that strict application of the discharge provision to serial Chapter 11 cases is not appropriate. *White Farm,* 943 F.2d at 756. The *White Farm* court noted that the legislative history did not warrant discharging the IRS's tax lien from the first Chapter 11, and allowed the IRS to retain a priority status for its lien in the second Chapter 11. *Id.* The debt remained a tax debt and not a contractual debt under the original plan. Likewise, as previously discussed, the Congressional intent behind the § 1141 discharge provision is best served in this case by permitting the IRS to perfect and secure its lien for the second bankruptcy. Thus, the IRS possesses a secured priority claim in the second bankruptcy.

**114**

*CONCLUSION*

For the reasons set forth above, the decision of the Bankruptcy Court is reversed.

IT IS SO ORDERED.