**In re Mitchell W. VOELKER, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Mitchell W. VOELKER, Appellee.**

**No. 94–C–157–S.**

United States District Court,
W.D. Wisconsin.

May 6, 1994.

---

Raymond Mulera, Tax Div., Trial Atty., Washington, DC, for U.S.

Terrence J. Byrne, Byrne, Goyke, Olsen & Tillisch, S.C., Wausau, WI, for Mitchell W. Voelker.

SHABAZ, District Judge.

Appellant United States of America ("Government") filed this appeal from the December 23, 1993 order of the United States Bankruptcy Court for the Western District of Wisconsin, the Hon. Thomas S. Utschig presiding. That order sustained the debtor Mitchell W. Voelker's objection to the Government's proof of claim for federal taxes.

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 158.

### FACTS

This appeal arose from a Chapter 13 bankruptcy filed by debtor on July 29, 1992 in which the Government was a creditor. The Government's tax claim consists of federal income taxes in the amount of $27,736.31 owed by debtor for the years 1984, 1985, 1986, 1988, and 1989. Debtor objected to the proof of claim on the ground that the secured portion of the claim was overstated. Debtor alleged that the Government's claim was secured only to the extent of $2,471 even though the debtor listed assets with a total value of $3,296 on his bankruptcy schedules. Debtor alleged that the federal tax liens attached only to the debtor's interest in a 1973 pick-up truck ($200), a 1986 Harley Davidson motorcycle ($1,500), and a mobile home ($771). Debtor's Schedule B, however, listed additional assets with a combined value of an additional $825, for a total value for all the debtor's assets of $3,296. The additional property consists of (1) bow and arrows $100, (2) clothing $200, (3) tools $400, (5) lawn mower $50, and (6) weed-eater $75.

Specifically, debtor contended that federal tax *liens* do not attach to property that is exempt from *levy* under section 6334 of the

Internal Revenue Code (26 U.S.C.). Debtor contended that $825 of the total $3,296 in assets listed in his schedules was exempt from IRS levy under section 6334, and thus the correct amount of the Government's secured claim should be $2,741. The Government did not dispute that $825 was exempt from IRS *levy* under section 6334. The Government did contend, however, that its federal tax *liens* attached to all the debtor's property and rights to property including property exempt from IRS levy. The Government has not sought to levy on the property which the debtor claims is exempt; rather the Government merely seeks to have the amount of the secured claim computed on the value of the debtor's equity in all his property and rights to property. Debtor has amended his plan to provide for surrender of his clothing to the Government if the Government prevails on this issue rather than make payments on that amount of taxes. The Bankruptcy Court entered an Order and Judgment stating "the federal tax lien of the IRS does not extend to the $825 of personal property claimed exempt by the debtor pursuant to 26 U.S.C. § 6334(a)."

### MEMORANDUM

■ The standard of review for questions of law is *de novo. In re Herbst*, 95 B.R. 98, 100 (W.D.Wis.1988). The issue on appeal is whether a lien in favor of the Government pursuant to section 6321 of the Internal Revenue Code may encompass assets exempt from levy pursuant to section 6334 of Title 26.

Under Chapter 13 a plan must provide for payments to creditors that are at least equal in value to the amount of the allowed secured claims. 11 U.S.C. § 1325(a)(5) (1994). Determining how much of a claim is secured is important because this determines the minimum amount a creditor must receive under the plan. Only this amount is guaranteed to a creditor under a plan; often there are insufficient funds to pay unsecured claims. Section 506(a) of the Bankruptcy Code defines the amount of a claim that is treated as secured. Section 506(a) provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

The issue in this case is whether the Government, which has a tax claim far exceeding the value of the debtor's property, has an "interest" within the meaning of section 506(a) in the $825 of the debtor's assets that are exempt from levy under section 6334 of Title 26.

Sections 6321 and 6334 of the Internal Revenue Code are relevant in determining the amount of the allowed secured claim. Section 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon *all property and rights to property,* whether real or personal, belonging to such person.

26 U.S.C. § 6321 (1994) (emphasis added). The Supreme Court has commented on the language of section 6321, stating "stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank v. United States,* 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). Section 6331 in contrast concerns the power to levy. It provides:

(a) Authority of Secretary—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy *upon all property and rights to property (except such property as is exempt under section 6334)* belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

(b) The term "levy" as used in this title includes the power of distraint and seizure by any means.

26 U.S.C. § 6331 (1994) (emphasis added). Section 6334 exempts certain personal items

such as necessary apparel, furniture, and personal effects of a very limited amount. 26 U.S.C. § 6334 (1994).

The importance of the policy favoring the payment of tax debts is demonstrated in section 522 of Title 11 where any property exempted under section 522 is not liable to pay any debts unless the debt is a tax lien and in other very limited circumstances. 11 U.S.C. § 522(c)(2)(B).

■ As this is a matter of statutory interpretation a review of the appropriate rules of construction is warranted. In the Seventh Circuit, a court "will look beyond the express language of a statute only where (1) that statutory language is ambiguous or (2) where a literal interpretation would lead to an absurd result or (3) thwart the purpose of the overall statutory scheme. *In re VMS Securities Litigation v. Prudential Securities Inc.,* 21 F.3d 139, 144 (7th Cir.1994), *quoting United States v. Real Estate Known as 916 Douglas Ave.,* 903 F.2d 490, 492 (7th Cir.1990). Statutory language is the most reliable indicator of congressional intent. *McDougall v. Bell Transit Co.,* 22 F.3d 706, 710 (7th Cir.1994) *citing Central States, Southeast and Southwest Areas Pension Funds v. Bellmont Trucking,* 788 F.2d 428, 433 (7th Cir.1986). "Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Id. citing Matter of Witkowski,* 16 F.3d 739, 742 (7th Cir.1994). "We are bound by the particular rules enacted by Congress and are not free to carve out our own exceptions merely because we believe that they would best serve Congress' policies and goals." *Id. citing Bellmont Trucking,* 788 F.2d at 433.

■ The plain language of section 6321 of Title 26 states that if a person fails to pay any tax, a lien exists in favor of the government "upon all property and rights to property, whether real or personal, belonging to such person." Section 6321 could not be more explicit; it contemplates a lien on all property with no exceptions. In light of such unambiguous language rewriting the statute to include exceptions created by the court would violate the plain language of the statute and would violate cannons of statutory construction. As stated in *McDougall,* the court is bound by the statute and the court is not free to carve out exceptions.

Section 6331 of Title 26 uses similar language to give the power of levy to the Secretary as opposed to liens as in section 6321. Section 6331 uses the language found in section 6321, "upon all property and rights to property;" however, section 6331 explicitly exempts property listed in section 6334. Congress has demonstrated that it knows how to create an exception; Congress could have created an exception to the lien section as well if it so chose. The court in *United States v. Barbier,* 896 F.2d 377, 379 (9th Cir.1990) also found the plain language of the statute determinative, stating:

> [r]eading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property, but not a bar to the government's ability to assert a security interest in such property. The plain words of section 6321 allow a tax lien to be attached to all of the taxpayer's property including property exempt from IRS levy.

The court in *In re Beard,* 112 B.R. 951 (Bankr.N.D.Ind.1990) also rested its holding, that section 6321 may place a lien on property exempt from levy under section 6334, on the basis of the plain language of section 6321 stating that "all property" is subject to the lien. It noted that in the same vein, the plain language of section 6331 exempts property only from levy and not from lien. *Id.* at 953.

Section 6331(b) defines the term "levy" quite broadly as the "power of distraint and seizure by any means." Debtor argues that this language encompasses judicial foreclosure on a lien, which could result in the seizure of property exempt from levy if a lien was placed on property exempt from levy under section 6334 and the debtor thereafter defaulted on his Chapter 13 plan. Debtor argues and the Bankruptcy Court reasoned that it would not make sense to place a lien on property that could never be forcibly taken.

■ It is not clear whether section 6331 prohibits judicial foreclosure of property ex-

empt from levy. What is clear is that section 6321 places a lien on all property without exceptions. Once a lien is placed on property, it may be that section 6331 prohibits judicial foreclosure of the property. That issue is not before this Court and will not be decided.[1] However, the possibility that property on which there is a lien may be exempt from actual removal from the debtor by judicial foreclosure does not detract from the strong policy supporting the existence of a lien. A lien and levy are two very different things. A lien in the context of bankruptcy makes a claim a secured claim and ensures payment when a debtor does not have the funds to pay unsecured creditors. A lien also protects the government's interest if the debtor sells the assets because the lien will then transfer to the cash. The court in *In re Jackson*, 80 B.R. 213 (Bankr.D.Colo.1987) also used this reasoning by noting the difference between a lien and levy in holding that section 6334 may prevent the involuntary seizure of certain property but it does not destroy the interest in the property pursuant to a lien under section 6221. Similarly *In re Beard* held that the fact that some of the taxpayer's property may subsequently be exempt from levy in order to satisfy the tax lien, does not alter the fact that the property is subject to the tax lien. *In re Beard*, 112 B.R. 951, 953 (Bankr.N.D.Ind.1990).

The vast majority of courts that have reached this issue have held that section 6321 may place a lien on property that is exempt from levy under section 6334. *See United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990); *In re Krahn*, 124 B.R. 78, 82 (Bankr. D.Minn.1990); *United States v. Stowe*, 121 B.R. 549, 522–23 (Bankr.N.D.Ind.1990); *In re Beard*, 112 B.R. 951, 953–54 (Bankr. N.D.Ind.1990); *In re Bates*, 81 B.R. 63 (Bankr.D.Oregon 1987); *In re Jackson*. The court in *Barbier* based its decision on the difference between a lien and a levy and noted that a levy unlike a lien or judicial

foreclosure is a summary non-judicial procedure.

The cases relied on by the debtor and the Bankruptcy Court were either overruled or did not discuss the issue in any depth, and notably did not discuss the difference between a levy and a lien. For example, the Bankruptcy Court relied heavily on the reversed decisions of the lower courts in *Barbier. See In re Barbier*, 77 B.R. 799 (Bankr. D.Nev.1987), *aff'd, United States v. Barbier*, 84 B.R. 190 (D.Nev.1988), *rev'd*, 896 F.2d 377 (9th Cir.1990). The other cases relied on by the debtor and the Bankruptcy Court did not discuss the issue in any depth. *See Riley v. Dept. of Revenue*, 88 B.R. 906 (Bankr. W.D.Wis.1987) (no discussion at all); *In re Ray*, 48 B.R. 534 (Bankr.S.D. Ohio 1985) (no discussion indicating that the issue was even contested); *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986) (no discussion at all).

Lastly, the Bankruptcy Court points to some limited legislative history concerning section 522 of the Bankruptcy Code which states that the only property that is exempt from liability for debts when a tax lien is involved is property exempt from levy under section 6334 of the Internal Revenue Code. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 76 (1978) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862. Section 522 lists exemptions from property that is liable for payment of debts under the Bankruptcy Code. Section 522 provides exemptions more generous than those in section 6334 of the Internal Revenue Code and does not allow the bankruptcy exemptions when a tax lien is involved. Section 522 is not a major issue in this case. Moreover, this piece of legislative history is of questionable authority because it derives from the Senate Report. The House Bill was passed in lieu of the Senate Bill after amending its language to contain much of the Senate Bill. 1978 U.S.C.C.A.N. at 5787.

■ More importantly, legislative history should only be consulted when the language

---

1. Debtor has amended his plan to exercise the option of surrendering his clothing if it is decided that the amount of his allowed secured claim embraces this amount, and he is then required to make additional payments. It is debtor's choice to surrender his clothes rather than keeping

them and making payments. This choice is significantly different than a levy or judicial foreclosure which are involuntary processes. This apparent attempt to create the appearance of a levy in no way changes the result.

of a statute is not clear. That is not the case here. Section 6321 unambiguously places liens on "all property." Section 522(c) unambiguously prohibits the exemption of certain property to satisfy debts when a "tax lien" is involved. Neither section 522(c) nor any portion of the Bankruptcy Code state or suggest that property exempt from levy under section 6334 of the Internal Revenue Code is exempt from tax liens as well. In the face of such unambiguous language, the resort to legislative history, not to mention history of uncertain authority, is improper and unwarranted.

Holding that property exempt from levy under section 6334 may be subject to a lien under 6321 is consistent with both the purposes of the Internal Revenue Code and the Bankruptcy Code. As the Supreme Court has noted, stronger language in section 6321 could hardly have been chosen to evince an intent that taxes be collected. *Glass City Bank*, 326 U.S. at 267, 66 S.Ct. at 110. Moreover, the Bankruptcy Code has also evinced an intent that tax debts be accorded priority in collection in that when tax debts are involved, section 522 does not allow the generous exemptions of certain property that most debtors enjoy.

This Court finds the authority relied on by the Bankruptcy Court and its reasoning unpersuasive. The plain language of the statutes state that tax liens exist on "all property." There is no exemption for property exempt from levy under section 6334. In the face of a clear Congressional mandate this Court is not in a position to rewrite the statutes to allow for exemptions it believes would further Congressional purposes. Therefore, this Court holds that a lien pursuant to section 6321 of the Internal Revenue Code may extend to property that is otherwise exempt from levy under section 6334. The belated reply of appellant has not been considered.

### ORDER

The order and judgment of the Bankruptcy Court dated December 23, 1993 is VA-CATED and the matter REMANDED for further proceedings.