48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gary HAUGEN, Appellant,
v.
BUTLER MACHINERY, INC., Appellee.
 No. 94-2402.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 16, 1995.
Filed: Feb. 27, 1995.
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary Haugen[1] appeals the district court's affirmance of the bankruptcy court's decision on remand from this court. Haugen argues that the bankruptcy court erred (1) in its calculation of payments received by Butler in satisfaction of the alter ego judgment; (2) in its choice of interest rate from the date of the judgment until the date of Haugen's personal bankruptcy filing; (3) in its determination that Butler was entitled to postpetition interest on the judgment; and (4) by charging Haugen for the costs of an auction held by the sheriff's department. We affirm in part and reverse in part.
 
 
 2
 This is the second time we have addressed the complicated facts surrounding this personal bankruptcy. Basically, Butler's claim in Haugen's personal bankruptcy arises from a prior determination, made in a separate bankruptcy of one of Haugen's companies, that Haugen is an alter ego of that company. Accordingly, that bankruptcy court held Haugen personally liable for a state court judgment Butler had against Haugen's company. We refer the reader to In re Haugen, 998 F.2d 1442 (8th Cir. 1993), for a complete discussion of the background facts. In that case, we determined that:
 
 
 3
 the bankruptcy court on remand should calculate Butler's claim in Haugen's personal bankruptcy as follows: (1) the basis for Butler's claim in the Haugen bankruptcy is the alter ego judgment against Haugen, less amounts received by Butler in satisfaction; (2) Haugen's initial judgment liability is $821,159; (3) the outstanding balance on this judgment shall bear interest from September 15, 1989, to April 13, 1990, the date of Haugen's bankruptcy petition; (4) this obligation shall continue to bear interest during the pendency of Haugen's individual bankruptcy if (a) Butler is an oversecured creditor under Sec. 506(b) of the Bankruptcy Code, or (b) Haugen is solvent; (5) in calculating the amount to which Haugen's obligation to Butler has been satisfied, the bankruptcy court shall exclude the costs of the execution sale of Haugen's personal property and reduce Haugen's obligation by only the net proceeds; and (6) Haugen's obligation to Butler shall be considered satisfied only to the extent that Butler actually received funds in satisfaction. We recognize that there is a dispute as to the amount that Butler actually received. The bankruptcy court must resolve this dispute in making its calculation of Haugen's liability to Butler.
 
 
 4
 Haugen, 998 F.2d at 1451-52.
 
 
 5
 On remand, the bankruptcy court awarded interest from the date of the alter ego judgment until the date of Haugen's bankruptcy petition at the prevailing treasury bill rate. The court determined that Butler did not receive any payments from Haugen prior to Haugen's bankruptcy petition. The court determined that after Haugen's bankruptcy petition, Butler received $249,028.99. The court determined that Butler was an oversecured creditor under Sec. 506(b) of the Bankruptcy Code and entitled to postpetition interest.
 
 
 6
 Haugen appealed all of the bankruptcy court's determinations to the district court. The district court issued a summary affirmance and Haugen appealed.
 
 
 7
 Before this court, both Haugen and Butler agree that Butler is not an oversecured creditor under Sec. 506(b) of the Bankruptcy Code and is not entitled to postpetition interest on its claim. Butler may waive its right to postpetition interest. See In re Krahn, 124 B.R. 78 (Bankr. D. Minn. 1990) (IRS waived its secured status under Sec. 506 by electing to treat its claim as unsecured). Because Butler asserts that it is not an oversecured party within the meaning of Sec. 506(b), it waived its right to postpetition interest. Accordingly, we reverse the bankruptcy court's determination that Butler was entitled to postpetition interest and remand with instructions to strike all postpetition interest.
 
 
 8
 With respect to Haugen's remaining claims, we have carefully considered his brief and arguments. We find no reversible error of law or fact. Accordingly, we affirm the remaining portions of the bankruptcy court's opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 During the pendency of his bankruptcy, Haugen passed away. Haugen's personal representatives, Dale Pietsch and Joyce Fjeldahl, have been substituted as the real parties in interest. For the sake of convenience, we will refer to the appellant as Haugen